UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN ROSARIO, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>        -against-<br><br>BIG CITY MANAGEMENT, INC., 106-108 CONVENT BCR, LLC, 110 CONVENT BCR, LLC, and KOBI ZAMIR<br><br>    Defendants. | **COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |

Plaintiff Juan Rosario ("Rosario" or "Plaintiff"), individually, and on behalf of others similarly situated, by and through his attorneys Fisher Taubenfeld LLP, alleges against Defendants Big City Management, Inc., 106-108 Convent BCR, LLC, 110 Convent BCR, LLC, and Kobi Zamir ("Zamir") as follows:

## NATURE OF THE ACTION

1. This is a putative collective action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") against Defendants for willfully failing to pay Plaintiff Rosario and a collective of similarly situated persons' wages at the applicable overtime rates.

2. This is also a putative class action arising under Art. 6 of the New York Labor Law ("NYLL") against Defendants for willfully failing to pay Plaintiff Rosario and a class of similarly situated persons' wages at the applicable overtime rates and for willfully failing to proffer wage notice and wage statements to Plaintiff Rosario and the class that complied with NYLL, Art. 6, § 195.

3. By this action, Plaintiff, individually, and on behalf of the putative class and collective seeks actual and statutory damages, interest, costs, and reasonable attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action because it involves a question of federal law, 29 U.S.C. 201 *et seq*.

5. This Court has supplemental jurisdiction over the state law claims because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. The venue of this action is proper because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7. Plaintiff Juan Rosario is a natural adult person.

8. Defendant Big City Management, Inc. is a domestic business corporation organized and existing under the laws of the State of New York.

9. Defendant 106-108 Convent BCR, LLC is a domestic limited liability company organized and existing under the laws of the State of New York.

10. Defendant 110 Convent BCR, LLC is a domestic limited liability company organized and existing under the laws of the State of New York.

11. At all times relevant hereto, each Defendant individually and collectively has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

12. At all relevant times hereto, each Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

13. Plaintiff and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

14. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

15. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff and the putative class and collective.

17. Upon information and belief Defendant Zamir is a principal and officer of the corporate Defendants.

18. Defendant Zamir manages Defendants' employees, and hires and fires them, sets their rate and method of pay, determines their work schedule, and upon information and belief maintains employment records.

19. Plaintiff has been employed by Defendants to work as a superintendent within the last six (6) years.

20. Defendant Zamir is engaged in business in the City of New York, County of New York. Defendant Zamir is sued individually in his capacity as an owner, officer, employee, and/or agent of Defendants.

21. Defendant Zamir exercises sufficient operational control over Defendants' operations to be considered Plaintiff's employer under FLSA and NYLL.

22. At all relevant times hereto, each Defendant has been Plaintiff and the putative class and collective employer within the meaning of the NYLL §§ 2 and 651.

## FACTUAL ALLEGATIONS

23. On or about March 13, 2010, Defendants hired Plaintiff initially as a maintenance worker, and later as a building superintendent starting in 2019 and was responsible for between 35 and 65 apartments in buildings Defendants managed in Manhattan.

24. As of 2014, Plaintiff superintended a building that contained approximately 35 units.

25. In 2017, Defendants directed Plaintiff to oversee two buildings, overseeing approximately 65 units.

26. In 2019, Defendants transferred Plaintiff to superintend two buildings located at Convent Street, where Plaintiff also oversaw approximately 65 units.

27. Plaintiff generally worked Monday through Friday from 7:00 a.m. until 6:00 p.m. or 7:00 p.m. depending on the amount of work he had to do.

28. During his employment, Plaintiff also regularly worked two hours on Saturday and on occasion additional hours on Sunday.

29. For about the first two years of his employment, Defendants paid Plaintiff Rosario $400 per week, regardless of the number of hours he actually worked.

30. Thereafter, up and until January 2019, Defendants paid Plaintiff Rosario $500 per week, regardless of the number of hours he actually worked.

31. After January 2019 and up until his separation from employment on October 14, 2019 Defendants paid Plaintiff Rosario $600 per week, regardless of the number of hours he actually worked.

32. At no time during his employment did Defendants proffer wage notice to Plaintiff in compliance with the NYLL, Art. 6, § 195.

33. Moreover, at no time during his employment did Defendants proffer wage statements to Plaintiff Rosario that complied with the NYLL, Art. 6, § 195.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings the First Cause of Action on behalf of himself and all other persons similarly situated who opt-in to this putative collective action

35. Plaintiff seeks certification of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendants during the period of time starting from three (3) years prior to the commencement of this action to present date who Defendants failed to pay applicable overtime rates for hours worked over forty (40) in any given workweek ("FLSA Collective").

36. The consent to sue form for the Plaintiff is attached hereto as **Exhibit 1.**

37. Upon information and belief, FLSA Collective consists of at least 40 current and former building superintendents and/or employees with similar duties.

38. At all relevant times, Plaintiff and the FLSA Collective were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiff stated herein are similar to those of the FLSA Collective.

## **CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23 FOR VIOLATIONS OF THE NYLL**

39. Plaintiff brings the Second, Third, and Fourth Causes of Action on behalf of himself and all other persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23.

40. Plaintiff seeks certification of this action as a class action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendants during the period of time starting from six (6) years prior to the commencement of this action to present date who Defendants failed to pay applicable overtime rates for hours worked over forty (40) in any given workweek and failed to proffer NYLL-compliant wage notice and wage statements. ("NYLL Class").

41. Upon information and belief, the NYLL Class consists of not less than 40 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

42. There are questions of law and fact common to the NYLL Class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff and the NYLL Class by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

43. The claims of Plaintiff are typical of the claims of the NYLL Class in that all the members of the class have been similarly affected by the acts and practices of the Defendants.

44. Plaintiff will fairly and adequately protect the interests of the members of the NYLL Class, in that his interests are not adverse to the interests of the other members of the class.

45. Plaintiff has retained counsel competent in class action and wage and hour litigation.

46. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23(b)(3).

## FIRST CAUSE OF ACTION
### FLSA Overtime Wage Violations

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. During the applicable statute of limitations period, Plaintiff Rosario and the FLSA Collective regularly worked more than 40 hours in a given work week for Defendants.

49. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff Rosario and the FLSA Collective's wages at the applicable overtime rate for all hours worked over 40 in a given work week and willfully failed to record and maintain Plaintiff and the FLSA Collective's accurate timekeeping records, in violation of the FLSA.

50. As a result, Plaintiff Rosario and the FLSA Collective seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by FLSA, as well as such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### NYLL Overtime Wage Violations

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. During the applicable statute of limitations period, Plaintiff Rosario and the NYLL Class regularly worked more than 40 hours in a given work week for Defendants.

53. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff Rosario and the NYLL Class wages at the applicable overtime rate for all hours worked over 40 in a given work week in violation of the NYLL.

54. As a result, Plaintiff Rosario and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**NYLL Wage Notice Violations**

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. At no time during Defendants' employment of Plaintiff Rosario and the NYLL Class did Defendants proffer NYLL-compliant wage notices to Plaintiff or the NYLL Class pursuant to § 195(1) of the NYLL.

57. As a result, Plaintiff Rosario and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
**NYLL Wage Statement Violations**

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. At no time during Defendants' employment of Plaintiff Rosario and the NYLL Class did Defendants proffer NYLL-compliant wage statements to Plaintiff or the NYLL Class pursuant to § 195(3) of the NYLL.

60. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and behalf of the FLSA Class and NYLL Class respectfully seeks the following relief:

a. An order certifying this action as a collective action under 29 U.S.C. § 216;

b. An order certifying this action as a class action under Fed. R. Civ. P. 23;

c. An order certifying Plaintiff as representative of the FLSA Class and NYLL Class;

d. An order certifying Plaintiff's counsel as counsel for the FLSA Class and NYLL Class;

e. An order granting permission to Plaintiff to disseminate notice of the instant action to the FLSA Class and NYLL Class;

f. An order granting permission to Plaintiff to disseminate notice to the FLSA Class regarding the procedure to opt-in to this action under 29 U.S.C. § 216;

g. An order awarding actual damages under the FLSA and/or NYLL;

h. An order awarding statutory damages under the FLSA and/or NYLL;

i. An order awarding prejudgment interest;

j. An order awarding Plaintiff's costs and reasonable attorneys' fees; and

k. All other relief the Court deems just and proper.

Dated: May 13, 2021
New York, New York

Respectfully submitted,

By: *Michael Taubenfeld*
Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 1

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de Big City Management o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Juan Rosario
NOMBRE

_[firma]_
FIRMA

4/20/21
FECHA

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by BIG CITY MANAGEMENT, INC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____*JR*_____
SIGNATURE

____4/20/21____
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Juan Rosario.

_____*matthew vasquez*_____
MATTHEW VASQUEZ

# EXHIBIT 2

# DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:     BIG CITY MANAGEMENT, INC

PLEASE TAKE NOTICE that JUAN ROSARIO, as an employee of the above corporation who intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as a laborer, servant, and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as his attorney, to make this demand on their behalf,

HE ALSO HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
       May 13, 2021

                                FISHER TAUBENFELD LLP

                                _____/s/_____
                                Michael Taubenfeld
                                225 Broadway, Suite 1700
                                New York, New York 10007
                                Phone: (212) 571-0700
                                Facsimile: (212) 505-2001
                                  *ATTORNEYS FOR PLAINTIFF*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:   KOBI ZAMIR

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JUAN ROSARIO, on behalf of himself and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of BIG CITY MANAGEMENT, INC., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

   Dated: New York, New York
           May 13, 2021

                                        FISHER TAUBENFELD LLP

                                         _____/s/_____
                                        Michael Taubenfeld
                                        225 Broadway, Suite 1700
                                        New York, New York 10007
                                        Phone: (212) 571-0700
                                        Facsimile: (212) 505-2001
                                          *ATTORNEYS FOR PLAINTIFF*