**F I S H E R | T A U B E N F E L D LLP**

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

May 2, 2022

**VIA ECF**
Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     Rosario v. Big City Management Inc. et al.
          Case No.: 21-cv-4336 (BCM)

Dear Judge Moses:

We represent Plaintiff in this action.  The parties write to respectfully request that the Court approve their settlement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and so order the Stipulation of Dismissal that is attached as **Exhibit 1**.

### 1.    Factual Background and Procedural History.

Plaintiff worked for Defendants, a management company, the corporate entities that own various buildings, and the owner of the buildings and management company, as a building superintendent maintaining various buildings in Manhattan. Plaintiff began working for Defendants in 2010 as a maintenance worker and was later promoted to building superintendent, a position he held until October 14, 2019.  Throughout his employment, Plaintiff alleges that he worked from approximately 7:00 a.m. to 6:00 p.m. or 7:00 p.m. Monday through Friday and then additional hours on the weekend and after hours for approximately 60 hours a week. Further, Plaintiff claims he was on call 24 hours a day, seven days a week.

For this work, Plaintiff alleges that Defendants unlawfully paid him a set salary every other week that varied over time, but did not pay him time-and-a-half for his overtime hours. Plaintiff also alleges that Defendants did not provide him with a proper paystub that recorded the actual hours he worked.

Plaintiff is asserting claims under the FLSA for unpaid overtime and under the NYLL for failure to provide proper wage statements. If this case continued, Plaintiff would also attempt to amend the complaint to add a claim for untimely payment of wages under NYLL § 191 because Defendants paid him biweekly instead of weekly.

Plaintiff filed this case in May 2021. The parties then engaged in settlement discovery and exchanged documents. Defendants provided time and pay records, and the time records disputed some of Plaintiff's allegations, in particular that the number of hours he worked.

Plaintiff calculated a total of $34,170.00 for his unpaid overtime, the same amount for liquidated damages, and $5,000 for NYLL §195 violations. Plaintiff also asserted $60,130 in NYLL § 191 damages.

The parties began negotiations and then appeared before this Court on March 10, 2022 for a settlement conference. At the settlement conference, the parties discussed Plaintiff's claims and also an issue regarding Plaintiff's son and roommate residing in the super apartment at which Plaintiff previously resided during his employment. Ultimately, with the Court's assistance, the parties reached a settlement on all terms and subsequently finalized it (**Exhibit 2**). Under the Agreement, Plaintiff is to receive $37,500 no later than 30 days after settlement approval. In the event Plaintiff's son and roommate vacate the apartment within 30 days of execution of the Agreement, and sign surrender agreements, the settlement will increase to $47,500. In exchange for this payment, the parties agree to a mutual general release, and if Plaintiff's son and roommate vacate, the general release will apply to them as well. There are no nondisparagement or confidentiality clauses in the agreement. Under the Agreement, of the $37,500, Plaintiff will receive $24,459.80, and my firm will receive $13,040.20 in attorneys' fees and costs, which represents one-third of the settlement plus costs after deducting $810.30 in costs. In the event the settlement increases to $47,500, Plaintiff will receive $31,126.47 and my firm will receive $16,373.53.

### 2. The Settlement is Proper Under Cheeks.

The Court should approve the settlement. In determining whether to approve a settlement, courts often look at the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Guajardo v. Titan Constr. Servs. LLC, No. 19-CV-1551 (OTW), 2020 WL 1922642, at *2 (S.D.N.Y. Apr. 21, 2020).

The settlement is reasonable under these factors. The settlement amount constitutes approximately 71% of Plaintiff's best-case unpaid overtime wages, and increases to 91% if the

apartment is vacated. Given the significant risks and burdens of this litigation, that amount is justified. Notably, Defendants' records contradict some of Plaintiff's damages and the damages are therefore likely lower than his original allegations.[1] As a result, Plaintiff benefits from receiving a large portion of his damages now without waiting potentially years to recover and taking the risk of recovering nothing at all or a substantially reduced amount. Further, and most crucially, the court helped broker the settlement, which itself is a strong indication that the settlement is fair and reasonable.

Notably, no extra factors support denying the settlement. Crucially, there are no confidentiality or nondisparagement provisions. In addition, while there is a mutual general release, this court has approved such releases and in this case, where Defendants potentially have a claim against Plaintiff and his son overstaying in the apartment, a mutual general release is particularly warranted. Plaintiff also obtains a release for his son and the son's roommate in the event the apartment is vacated quickly, which is an additional benefit to Plaintiff.

Finally, the attorneys' fees and costs are reasonable. Under the agreement, my firm will receive either $12,229.90 or $15,563.23, depending on the amount of the settlement, in attorneys' fees, which represents one-third of the settlement after deducting $810.30 in costs. The costs are comprised of the filing fee and service costs, as well as a federal express correspondence with Plaintiff. Courts, including this Court, regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. <u>Lara v. Air Sea Land Shipping & Moving Inc.</u>, No. 19CV8486PGGBCM, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019); <u>Guajardo</u>, 2020 WL 1922642, at *3; <u>Meza v. 317 Amsterdam Corp.</u>, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); <u>Merino Leon v. Univ 45 Fruit & Vegetable Corp.</u>, No. 19-CV-8266 (RA), 2020 WL 1322580, at *2 (S.D.N.Y. Mar. 20, 2020); <u>Carrion v. 381 North Ave. Auto Care Inc. et al</u>, Case No. 19-CV-05901 (Magistrate-Judge Davison - October 29, 2019).

If the Court wishes to engage in a lodestar check, Plaintiff's attorneys' fees are at a maximum $15,563.23. Plaintiff is requesting a multiplier of 1.7, which is certainly reasonable because this case settled early before motion practice or significant discovery and the parties actively worked together to minimize costs. Courts have recognized that reducing fees below the typical one-third because of early settlement has the "potential to create a disincentive to early settlement." <u>Hyun v. Ippudo USA Holdings</u>, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016) (quoting <u>McDaniel v. Cty. of Schenectady</u>, 595 F.3d 411, 418 (2d Cir. 2010)); <u>Plizga v. Little Poland Rest. Inc.</u>, No. 15CV08820LAKBCM, 2016 WL 9307474, at *5 (S.D.N.Y. July 18, 2016) (the parties "reached a settlement agreement in principle—without the aid of the Court—before the initial pretrial conference, which was never held. The settlement negotiations themselves were "extensive," however, and based in part on payroll records and other documents provided informally by defendants. There is much to be admired in this approach, which conserves both attorney time and judicial resources.")

I am the only attorney who worked on this case. I am requesting an hourly rate of $500. I am a partner at Fisher Taubenfeld LLP. I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on

---

[1] Further, Plaintiff may not be able to assert his NYLL § 191 claim at all because the deadline to amend has passed.

wage-and-hour law. I have litigated as the primary attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this District in <u>Gonzalez et al v. Allied Concrete Industries Inc. et al.</u>, EDNY Case No.: 2:14-cv-4771 (GRB)(SIL), where I recently won partial summary judgment in the hundreds of thousands of dollars for the class. I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. <u>Catzin v. Thank You & Good Luck Corp.</u>, 899 F.3d 77 (2d Cir. 2018); <u>Hichez v. United Jewish Council of the E. Side</u>, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020). I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA. I have also been named a "Rising Star" by Super Lawyers. Another court in this Circuit recently approved $500 an hour for a named partner in a FLSA case. <u>Canales v. Norwich Serv. Station Inc.</u>, No. 20-CV-4759(JMW), 2021 WL 5759727, at *5 (E.D.N.Y. Dec. 3, 2021).

We are also requesting $100 an hour for Raquel Heras, a Spanish speaking paralegal. Ms. Heras is a college graduate and had years of experience as our firm's current paralegal. Courts in this District have awarded $100 to paralegals. <u>Canales</u>, 2021 WL 5759727, at *5 (approving $137.50 per hour for a paralegal).

The hours expended are appropriate as well. Plaintiff's counsel spent the following hours litigating this case, which are reflected in the timesheets attached as **Exhibit 3:**

| Name | Regular Hours | Regular Hourly Rate | Total |
|---|---|---|---|
| Michael Taubenfeld | 17.1 | $500.00 | $8,550 |
| Raquel Heras | 5.7 | $100.00 | $570 |
| Total | | | $9,120 |

The work performed in this case included meeting with Plaintiff, drafting the complaint, undergoing settlement discovery, drafting damages calculations, attending the settlement conference, negotiating the settlement and drafting the settlement documents, and drafting the settlement approval documents. The fees are therefore appropriate.

The costs are appropriate as well. Plaintiff's costs total $810.30 and include the $402 filing fee, $380 for service fees, and $28.30 for a fedex correspondence to Plaintiff. These costs are reasonable.

Accordingly, the Court should approve Plaintiff's attorneys' fees and costs.

Thank you for your attention to the above.

Respectfully Submitted,

--------------------/s/----------------

Michael Taubenfeld

Encl.

**EXHIBIT 1**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN ROSARIO, individually, and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>        -against-<br><br>BIG CITY MANAGEMENT, INC., 106-108 CONVENT BCR, LLC, 110 CONVENT BCR, LLC, and KOBI ZAMIR<br><br>        Defendants. | Case No.: 21-cv-4336 (BCM)<br><br>**STIPULATION AND ORDER OF DISMISSAL** |

**IT IS HEREBY STIPULATED** by and between Plaintiff and Defendants, that the above-captioned action is hereby dismissed with prejudice pursuant to a settlement agreement.

**IT IS FURTHER STIPULATED AND AGREED** that the United State District Court for the Southern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement attached to the parties' settlement agreement dated May 2, 2022.

**IT IS FURTHER STIPULATED AND AGREED** that the Settlement Agreement submitted to the Court on May 2, 2022 is fair and reasonable.

**FISHER TAUBENFELD LLP**

By: *Michael Taubenfeld*
    Michael Taubenfeld, Esq.
    225 Broadway, Suite 1700
    New York, New York 10007
    *Attorneys for Plaintiff*

**THE LAW OFFICES OF PETER METIS, LLC**

By: _____
    Peter Metis, Esq.
    46 Trinity Place, 5th Floor
    New York, New York 10006
    *Attorneys for Defendants*

SO ORDERED:

_____
Hon. Barbara C. Moses, U.S.M.J.

9

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN ROSARIO, individually, and on behalf of others similarly situated, <br><br>     Plaintiff, <br><br>       -against- <br><br> BIG CITY MANAGEMENT, INC., 106-108 CONVENT BCR, LLC, 110 CONVENT BCR, LLC, and KOBI ZAMIR <br><br>     Defendants. | Case No.: 21-cv-4336 (BCM) |

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Full and Final Release of all Claims ("Agreement") is entered into as of this 2nd day of May 2022 by Plaintiff JUAN ROSARIO Defendants BIG CITY MANAGEMENT, INC., 106-108 CONVENT BCR, LLC, 110 CONVENT BCR, LLC, and KOBI ZAMIR (collectively, "Defendants") (Plaintiff and Defendants are the "Parties").

**WHEREAS** Plaintiff commenced the within action (the "Action") asserting claims arising from and related to her employment by Defendants;

**WHEREAS** Defendants deny the allegations and deny all liability;

**WHEREAS** the Parties are desirous of resolving the present litigation and dispute between them;

**WHEREAS,** it is expressly understood that Plaintiff and Defendants have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation;

1

WHEREAS, the parties attended a settlement conference before Judge Barbara C. Moses at which they reached a settlement, which was placed on the record;

**WHEREAS,** the Parties agree to submit this Agreement to the Court for its approval under <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1. <u>**Payments**</u>:

   a. Defendants agree to pay $37,500 to Plaintiff and Fisher Taubenfeld LLP in full resolution of Plaintiff's claims ("Settlement Payment").  No later than 30 days after the Court approves the settlement and dismisses this Action, Defendants agree to make the Settlement Payment broken down as follows: to Plaintiff $24,459.80 and to Fisher Taubenfeld LLP $13,040.20.

   b. In addition to the Settlement Payment above, Defendants shall pay to Plaintiff an additional $10,000 in the event the basement apartment located at 10 Convent Avenue, Unit No. GF ("Basement Apartment")  is within 30 days of execution of this agreement surrendered and vacant, free of all tenancies and inhabitants, broom clean, the keys are returned to Defendants and the fully executed and notarized surrender agreements (annexed hereto as Exhibit "2") for the current occupants are delivered to plaintiff's counsel .  This additional payment shall be broken down as follows: to Plaintiff $6,666.67 and to Fisher Taubenfeld LLP $3,333.33.

   c. All payments to Plaintiff shall be issued via two checks of equal gross amounts in Plaintiff's name or direct deposit into his bank account.  One check shall have

withholdings and deductions taken and for which an IRS Form W-2 shall be issued. The other check shall not have withholdings and deductions taken and an IRS Form 1099 shall be issued. All checks shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

d.  All payments to Fisher Taubenfeld LLP shall be for attorneys' fees and costs, which shall be inclusive of all claims for attorneys' fees and expenses. These payments will be issued via check made out to Fisher Taubenfeld LLP or direct deposit into the firm's bank account and shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

e.  All Defendants shall be jointly and severally liable for all payments required in this Paragraph. In order to receive the settlement payments as described above, Plaintiff must complete and return IRS Forms W-4 and W-9, and his attorneys, Fisher Taubenfeld LLP, must complete and return an IRS Form W-9 to counsel for Defendants.

f.  Plaintiff agrees to indemnify and hold harmless Defendants for any tax consequences to Defendants resulting from his failure to pay his share of taxes arising from the Settlement Payment. Plaintiff agrees to pay any and all taxes or other monies found to be owed by him from the payment of the Settlement Payment made pursuant to this Agreement and to indemnify and hold the Defendants harmless from any claims, assessments, demands, penalties, and interest owed, or found to be owed, as a result of any Settlement Payment made pursuant to this Agreement and or the tax treatment of that payment. Plaintiff agrees to cooperate with the Defendants should any state, federal, or local taxing authority approach it with regard to taxes as a result of the

3

Settlement Payment. Notwithstanding the above, Defendants remain responsible for all withholding payments.

g.  In the event that any of the Settlement Payments required hereunder are not timely made, Plaintiff's counsel may issue a written Notice of Breach and send same to Defendants' counsel in accordance with Paragraph 6 of this Agreement.  Defendants shall thereafter have five (5) calendar days to cure the breach by paying the past due payments under this Paragraph.  If Defendants fail to cure the Breach within five (5) calendar days of service of the Notice of Breach, they shall be in default, rendering Defendants jointly and severally liable for the payments under this Paragraph, plus an additional $10,000. Such liability shall be in lieu of all costs of collection, interest, to the extent that they have accrued prior to the entry of judgment, but Plaintiff will be entitled to recover any collection costs and attorneys' fees incurred in collecting on the judgment.  After consultation with counsel, Defendants, and each of them, agree that this provision is not a penalty or forfeiture as a matter of New York State substantive contract law, and warrant that no such argument will be made under any circumstances in the future in opposition to any application for the entry of judgment or in support of any application to vacate any judgment.

2. **Release of Claims:**

Plaintiff, his heirs, executors, administrators, successors and assigns waives all claims against Defendants, and Defendants' officers, directors, shareholders, members, affiliates, parents, agents, servants, employees, successors, heirs, executors, administrators (the " Defendant Releasees") and releases and forever discharges the Releasees to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, that Plaintiff has or

4

may have against Defendants.  This Agreement is not intended to, and does not, release rights or claims that arose or may arise after the date of the Agreement, including without limitation any rights or claims that Plaintiff may have to secure enforcement of the terms and conditions of this Agreement.

Defendants waive all claims against Plaintiff his heirs, executors, administrators, successors and assigns (the "Plaintiff Releasees") and release and forever discharge Plaintiff Releasees to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, that Defendants may have against Plaintiff.  This Agreement is not intended to, and does not, release rights or claims that arose or may arise after the date of the Agreement, including without limitation any rights or claims that Defendants have or may have to secure enforcement of the terms and conditions of this Agreement.

Further, in the event the Basement Apartment is within 30 days of execution of this agreement surrendered and vacant , free of all tenancies and inhabitants, broom clean and the keys are returned to Defendants, Defendants waive all claim against Jose Rosario and Valerie Hernandez and release and forever discharge him to the fullest extent permitted by law from any and all liability for any claims, rights or damages for rent or other charges for use and occupancy of the Basement Apartment, that Defendants may have against him.

3. **Dismissal, No Future Lawsuits:**

Plaintiff shall cause his attorney to execute a Stipulation of and Order of Dismissal, attached as **Exhibit 1**, dismissing the Action in its entirety, with prejudice.  Plaintiff shall also submit this Agreement, along with any necessary, to obtain a finding from the Court that this Agreement is fair and reasonable.

4. **Integration Clause:**

This Agreement constitutes the entire and only understanding and agreement

among Plaintiff and Defendants respecting the subject matter of this action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

5. **<u>Additional Clauses:</u>**

  a. This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

  b. This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto. Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude other or further exercise thereof.

  c. This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

  d. This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

  e. Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated

and the balance of this Agreement shall remain in full force and effect.

        f.        The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Southern District of New York to enforce the terms of this Agreement.

**6. Notices**:

    Any notice under this Agreement shall be sent by email. If to Defendants, such notice shall be sent to Peter Metis, Esq., The Law Offices of Peter Metis, LLC, email addresses: pmetis@metislawoffice.com. If to Plaintiff, such notice shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, email address: michael@fishertaubenfeld.com. A party may change its address or email address for notices by providing notice to such effect in accordance with this Paragraph.

**7. Counterparts**:

    This Agreement is effective when it has been fully-executed by all Parties. Electronic and facsimile signatures, including through DocuSign, shall be deemed as originals. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

        **THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO IT**

Dated: 28/4/2022        By:_____

                              JUAN ROSARIO

7

Dated: 5/2/22

BIG CITY MANAGEMENT, INC.

By_____
KOBI ZAMIR

Dated: 5/2/22

106-108 CONVENT BCR, LLC

By_____
KOBI ZAMIR

110 CONVENT BCR, LLC

Dated: 5/2/22

By_____
KOBI ZAMIR

Dated: 5/2/22

By:_____
KOBI ZAMIR

8

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN ROSARIO, individually, and on behalf of others
similarly situated,

        Plaintiff,

        -against-

BIG CITY MANAGEMENT, INC., 106-108 CONVENT
BCR, LLC, 110 CONVENT BCR, LLC, and KOBI
ZAMIR

        Defendants.

---

Case No.: 21-cv-4336 (BCM)

**STIPULATION AND ORDER
OF DISMISSAL**

---

**IT IS HEREBY STIPULATED** by and between Plaintiff and Defendants, that the above-

caption action is hereby dismissed with prejudice pursuant to a settlement agreement.

    **IT IS FURTHER STIPULATED AND AGREED** that the United State District Court

for the Southern District of New York, shall retain jurisdiction for purposes of enforcing the

parties' settlement agreement attached to the parties' settlement agreement dated May 2, 2022.

    **IT IS FURTHER STIPULATED AND AGREED** that the Settlement

Agreement submitted to the Court on May 2, 2022 is fair and reasonable.

**FISHER TAUBENFELD LLP**

By: *Michael Taubenfeld*

    Michael Taubenfeld, Esq.
    225 Broadway, Suite 1700
    New York, New York 10007
    *Attorneys for Plaintiff*

SO ORDERED:

_____
Hon. Barbara C. Moses, U.S.M.J.

**THE LAW OFFICES OF PETER METIS, LLC**

By: _____

    Peter Metis, Esq.
    46 Trinity Place, 5th Floor
    New York, New York 10006
    *Attorneys for Defendants*

9

# **EXHIBIT 2**

## **SURRENDER AFFIDAVIT**

JUAN ROSARIO, on this _____ day of April, 2022 hereby surrenders all rights and possession of the premises Basement, at 110 Convent Avenue, NY, NY 10027 and has delivered, all keys in his possession, including mailbox keys to the premises 110 Convent Avenue, Basement, NY, NY 10027, and acknowledges that any property remaining in the premises is hereby deemed abandoned and can be disposed of by the landlord without liability.

_____
JUAN ROSARIO

Sworn to me before

This _____ day April, 2022

_____

Notary Public

11

## **SURRENDER AFFIDAVIT**

JOSE ROSARIO, on this _____ day of April, 2022 hereby surrenders all rights and possession of the premises Basement, at 110 Convent Avenue, NY, NY 10027 and has delivered, all keys in his possession, including mailbox keys to the premises 110 Convent Avenue, Basement, NY, NY 10027, and acknowledges that any property remanining in the premises is hereby deemed abandoned and can be disposed of by the landlord without liability.


_____

JOSE ROSARIO


Sworn to me before

This _____ day April, 2022


_____

Notary Public


12

**SURRENDER AFFIDAVIT**

      VALERIA HERNANDEZ, on this _____ day of April, 2022 hereby surrenders all rights and possession of the premises Basement, at 110 Convent Avenue, NY, NY 10027 and has delivered, all keys in his possession, including mailbox keys to the premises 110 Convent Avenue, Basement, NY, NY 10027, and acknowledges that any property remaining in the premises is hereby deemed abandoned and can be disposed of by the landlord without liability.


_____
    VALERIA HERNANDEZ

Sworn to me before

This _____ day April, 2022


_____

Notary Public

13

**EXHIBIT 3**

| First name | Last name | Date | Day | In | Out | Hours | Job |
|---|---|---|---|---|---|---|---|
| Taubenfeld | | | | | | | |
| Michael | Taubenfeld | 03/19/2021 | Fri | | | 1.10 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Draft complaint | | | | | | | |
| Michael | Taubenfeld | 03/24/2021 | Wed | | | 0.50 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Review and revise complaint | | | | | | | |
| Michael | Taubenfeld | 04/13/2021 | Tue | | | 0.50 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Telco w/ Plaintiff to get more information from his complaint | | | | | | | |
| Michael | Taubenfeld | 09/09/2021 | Thu | | | 0.20 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Telco w/ opposing counsel to prepare case management plan | | | | | | | |
| Michael | Taubenfeld | 01/04/2022 | Tue | | | 0.90 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Review time and pay records produced by Defendants | | | | | | | |
| Michael | Taubenfeld | 01/07/2022 | Fri | | | 0.40 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Telco w/ Plaintiff re: Defendants' records first produced this week | | | | | | | |
| Michael | Taubenfeld | 02/01/2022 | Tue | | | 0.20 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Telco w/ opposing counsel re: settlement | | | | | | | |
| Michael | Taubenfeld | 02/01/2022 | Tue | | | 1.60 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Draft settlement statement | | | | | | | |
| Michael | Taubenfeld | 02/17/2022 | Thu | | | 0.30 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Telco w/ Plaintiff to update him on the status of the case | | | | | | | |
| Michael | Taubenfeld | 02/21/2022 | Mon | | | 0.50 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Draft Document Requests and Interrogatories | | | | | | | |
| Michael | Taubenfeld | 02/22/2022 | Tue | | | 1.40 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Revise and serve Interrogatories and Document Requests | | | | | | | |
| Michael | Taubenfeld | 03/10/2022 | Thu | | | 0.50 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Telco w/ Plaintiff to discuss the settlement conference process | | | | | | | |
| Michael | Taubenfeld | 03/10/2022 | Thu | | | 3.80 | Rosario, Juan › Michael Taubenfeld |
| NOTES: Attend settlement conference | | | | | | | |

| Michael | Taubenfeld | 03/11/2022 | Fri | 0.20 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Telco w/ housing court attorney re: settlement

| Michael | Taubenfeld | 03/31/2022 | Thu | 0.20 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Telco w/ Plaintiff's son's housing attorney re: settlement

| Michael | Taubenfeld | 04/08/2022 | Fri | 1.60 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Draft settlement agreement

| Michael | Taubenfeld | 04/15/2022 | Fri | 0.30 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Review and respond to comments by Defendants' counsel on Plaintiff's draft of agreement

| Michael | Taubenfeld | 04/19/2022 | Tue | 0.30 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Review additional revisions by Defendants' counsel

| Michael | Taubenfeld | 04/27/2022 | Wed | 0.50 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Telco w/ Plaintiff to discuss the settlement agreement

| Michael | Taubenfeld | 04/29/2022 | Fri | 1.60 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Draft Cheeks letter and send to opposing counsel

| Michael | Taubenfeld | 05/02/2022 | Mon | 0.50 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Finalize Cheeks letter and submit to the Court

**Tenempaguay**

| Katherine | Tenempaguay | 01/07/2022 | Fri | 0.40 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Phone call with Plaintiff to discuss Defendants records first produced this week – translation

| Katherine | Tenempaguay | 02/17/2022 | Thu | 0.50 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Phone call with Plaintiff to update on the status of the case– translation

| Katherine | Tenempaguay | 03/10/2022 | Thu | 0.50 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Phone call with Plaintiff to discuss settlement conference process - translation

| Katherine | Tenempaguay | 03/10/2022 | Thu | 3.80 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Attend settlement conference to translate

| Katherine | Tenempaguay | 04/27/2022 | Wed | 0.50 | Rosario, Juan › Michael Taubenfeld |

**NOTES:** Phone call with Plaintiff to discuss settlement agreement - translation