UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN ROSARIO, individually, and on behalf of all others similarly situated,

    Plaintiff,

-against-

BIG CITY MANAGEMENT, INC., et al.,

    Defendants.

21-CV-4336 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed the parties' joint letter dated May 2, 2022 (Joint Ltr.) (Dkt. No. 37), seeking approval of their fully-executed Settlement Agreement (Ag.) (Joint Ltr. Ex. 2) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Until October 14, 2019, plaintiff Juan Rosario worked for defendants as a building superintendent and lived in an employer-provided apartment in one of defendants' buildings. Joint Ltr. at 1. Plaintiff claims that he is owed $34,170 in unpaid overtime under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), plus another $34,170 in liquidated damages and $5,000 under NYLL § 195.

    The Agreement requires defendants collectively to pay $37,500 to plaintiff within 30 days of judicial approval of the settlement. Ag. ¶ 1(a); Joint Ltr. at 2. The settlement payment will increase to $47,5000 if, within 30 days of the date of the Agreement's execution, plaintiff's adult son and his son's roommate vacate defendants' apartment (where they have continued to reside, without paying rent) and execute surrender agreements. Ag. ¶ 1(b); Joint Ltr. at 2. Plaintiff's counsel will receive one-third of the net settlement payment after deduction of $810.30 in costs, for which counsel will be reimbursed. Ag. ¶ 1(d); Joint Ltr. at 2-3. Thus, depending on the outcome of the apartment issue:

| Gross Sett. Payment | Costs | Net Sett. Payment | Attorney's Fee (1/3 of Net) | Plaintiff's Share (2/3 of Net) |
|---|---|---|---|---|
| $37,500.00 | $810.30 | $36,689.70 | $12,229.90 | $24,459.80 |
| $47,500.00 | $810.30 | $46,689.70 | $15,563.23 | $31,126.47 |

The Agreement contains mutual general releases. Plaintiff will release defendants from "any and all liability for any claims, rights or damages of any kind, that Plaintiff has or may have against Defendants." Ag. ¶ 2. Defendants, in turn, will release plaintiff from "any and all liability for any claims, rights or damages of any kind, that Defendants may have against Plaintiff." *Id.* In the event that plaintiff's son and his son's roommate timely vacate the apartment, defendants will also release "all claim[s] against Jose Rosario and Valerie Hernandez and release and forever discharge him to the fullest extent permitted by law from any and all liability for any claims, rights or damages for rent or other charges for use and occupancy of [the apartment], that Defendants may have against him." Ag. ¶ 2.[1]

There is no rehiring prohibition and no confidentiality clause or other restriction on plaintiff's ability to discuss his employment with defendant, this action, or the terms of his settlement. The material terms of the settlement were arrived at after arm's-length bargaining at a judicially-supervised settlement conference before me on March 10, 2022. The parties thereafter consented to my jurisdiction for all purposes. (Dkt. No. 32.)

The Court finds the financial terms of the Agreement fair and reasonable. As the parties point out, plaintiff's share of the net settlement payment ($24,459.80) represents 71% of plaintiff's allegedly unpaid overtime wages. If the son and his roommate timely vacate the apartment, plaintiff's share of the net settlement payment ($31,126.47) will represent 91% of that sum. Joint

---

[1] In their joint letter, the parties state that defendants' release vis-à-vis plaintiff's son and his son's roommate "will apply to *them*" if they timely vacate. *See* Joint Ltr. at 2 (emphasis added). The Court therefore presumes that the use of the singular pronoun "him" in the quoted portion of ¶ 2 of the Agreement is a typographical error.

2

Ltr. at 2-3. While the compromise falls considerably short of plaintiff's maximum potential recovery in court, that recovery is by no means assured, as – among other things – defendants have adduced evidence that plaintiff worked fewer hours than originally claimed. Joint Ltr. at 3. Under these circumstances, the settlement amount is fair and reasonable.[2]

The non-economic terms of the settlement are also fair. As I have noted in the past, mutual general releases can be appropriate in a non-class FLSA settlement where the plaintiff is no longer employed by the defendants, *see, e.g.*, *Plizga v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016), and particularly where – as here – defendants have identifiable claims to waive; namely, their potential claims against plaintiff arising out of the continued occupation of the apartment by a member of his family. Joint Ltr. at 3.

The proposed fee award for plaintiff's counsel amounts to one-third of the net settlement payment, which (depending on the outcome of the apartment issue) is equivalent to either 1.3 or 1.7 times counsel's stated lodestar. Joint Ltr. at 3.[3] Given the degree of success obtained by counsel in this action, the award is not excessive.

---

[2] *See, e.g.*, *Ramos v. DNC Food Serv. Corp.*, 2022 WL 576300, at *2 (S.D.N.Y. Feb. 25, 2022) (approving gross settlement payment equal to approximately 20% of plaintiffs' "total possible damages" where "existing time and pay records . . . could potentially limit the amount of damages on certain aspects of Plaintiffs' claims") (internal quotation marks omitted); *Villa Clemente v. Midtown E. NY LLC*, 2020 WL 5913595, at *2 (S.D.N.Y. Oct. 6, 2020) (partial settlement by which plaintiffs would increase their total recovery to approximately one-half of their alleged unpaid wages was fair in light of "significant factual disputes as to the hours worked by the plaintiffs and the accuracy of defendants' computerized time records"); *Aguilar v. N & A Prods. Inc.*, 2019 WL 5449061, at *1-2 (S.D.N.Y. Oct. 24, 2019) (approving settlement of approximately 7% of maximum recovery based on, *inter alia*, disputes about plaintiff's number of hours worked); *Felix v. Breakroom Burgers & Tacos*, 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (net settlement of 25% of plaintiff's maximum recovery was reasonable where, among other contested issues, the parties disputed the hours worked by plaintiff).

[3] The attorney time records submitted to the Court, *see* Joint Ltr. Ex. 3, show that attorney Michael Taubenfeld spent 17.1 hours working on this action, at a stated rate of $500 per hour, and that paralegal Raquel Hera spent 5.7 hours, at a stated rate of $100 per hour, for a total of $9,120.

Having carefully reviewed the financial and non-financial terms of the Agreement, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the proposed settlement is **APPROVED**. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
       May 6, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**